UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARY RYAN                      )
and THOMAS RYAN,               )
                               )
          Plaintiffs,          )
                               )
     v.                        )          No. 1:11-cv-00037-JAW
                               )
ROBERT D. KRAUSE, et al.,      )
                               )
          Defendants.          )

## ORDER ON MOTION TO STRIKE

After the judges of the District of New Hampshire recused themselves from this case, the Plaintiffs moved to strike the pending Recommended Decision of one of the now-recused judges. Because the magistrate judge recused herself and in order to avoid the appearance of impropriety, the Court strikes not only her Recommended Decision but all other orders she issued in the case. The Court will start fresh.

## I.    STATEMENT OF FACTS

### A.    The Complaint, the Amended Complaint, and Subsequent Motions in the District of Rhode Island

On February 23, 2011, Mary and Thomas Ryan filed an Amended Complaint, against numerous named and unnamed defendants under 42 U.S.C. § 1983, alleging that the Defendants engaged in a conspiracy to deprive them of their constitutional rights. *Am. Compl.* (Docket # 4). On July 12, 2011, two of the named Defendants—the Roman Catholic Bishop of Providence (RCB) and the Most Reverend Thomas J.

1

Tobin (Bishop Tobin) moved to dismiss the Amended Complaint.[1] *Defs. Roman Catholic Bishop of Providence and Most Reverend Thomas J. Tobin's Mot. to Dismiss* (Docket # 6) (*Defs.' Mot. to Dismiss*). The Plaintiffs responded on July 26, 2011, *Objection to Defs. Roman Catholic Bishop of Providence, a Corp. Sole and Thomas Tobin* (Docket # 7), and filed an amended response on August 11, 2011. *Pls.' Am. Objection and Req. to Strike Defs. Roman Catholic Bishop of Providence, a Corp. Sole and Thomas Tobin's Mot. to Dismiss* (Docket # 10). Later, on September 1, 2011, the Ryans filed a memorandum in support of their earlier objection to the Defendants' motion to dismiss. *Pl.'s Mem. in Support of Pls.' Objection to Defs. Thomas Tobin and Roman Catholic Bishop of Providence, a Corp. Sole's, Mot. to Dismiss* (Docket # 23).

On August 11, 2011, the Ryans also filed a motion for leave to file a second amended complaint and for leave to file supporting appendices of exhibits in electronic form. *Pls.' Mot. to File Attached Supporting Appendices of Exs. in Elec. Form* (Docket # 11); *Pls.' Req. for Leave of Ct. to Amend Their Compl.* (Docket # 12). The RCB and Bishop Tobin objected on August 17, 2011, both to the Ryans' request for leave to amend their Complaint and to the Ryans' motion to file exhibits in electronic form. *Defs. Roman Catholic Bishop of Providence and Most Reverend Thomas J. Tobin's Objection to Pls.' Req. for Leave of Ct. to Amend Their Compl.* (Docket # 15); *Defs. Roman Catholic Bishop of Providence and Most Reverend Thomas J. Tobin's Objection to Mot. to File Attached Supporting Appendices of Exs.*

---

[1] The RCB and Bishop Tobin stated that they have not been served but are appearing specially to seek dismissal. *Defs.' Mot. to Dismiss* at 1.

*in Elec. Form* (Docket # 16). On August 30, 2011, the Ryans replied to the RCB and Bishop Tobin's objection to their motion to file documents in electronic form and further requested an extension to respond to the RCB and Bishop Tobin's objections. *Pls.' Resp. to Defs. Thomas Tobin and Roman Catholic Bishop of Providence, a Corp. Sole's Objection to Pls.' Mot for Relief to File Documents in Elec. Form; Pls.' Req. for an Extension of Time to File* (Docket # 19). They also replied to the RCB and Bishop Tobin's objection to their motion to amend their complaint. *Pls.' Resp. to Defs. Thomas Tobin and Roman Catholic Bishop of Providence, a Corp. Sole's Objection to Pls.' Mot. for Leave of Ct. to Amend Compl. and Req. for Extension Pursuant to Rule 6* (Docket # 20).

On August 17, 2011, the Ryans filed a motion for relief pursuant to Rule 4, *Pls.' Mot. for Relief Pursuant to Rule 4* (Docket # 17), to which the RCB and Bishop Tobin objected on August 23, 2011. *Defs. Roman Catholic Bishop of Providence and Most Reverend Thomas J. Tobin's Objection to Pls.' Mot. for Relief Pursuant to Rule 4* (Docket # 18). On September 6, 2011, the Ryans replied to the RCB and Bishop Tobin's response to their request for relief pursuant to Rule 4. *Pls.' Resp. to Defs.' Objection to Pls.' Req. for Relief Pursuant to Rule 4* (Docket # 24).

## B.     Referral to the District of New Hampshire

Meanwhile, on August 11, 2011, Chief Judge Mary Lisi of the District of Rhode Island issued an Order recusing each of the District of Rhode Island federal judges and referring the case to the District of New Hampshire. *Order* (Docket # 9). On August 12, 2011, Chief Judge Stephen McAuliffe of the District of New

3

Hampshire reassigned the case to Joseph N. Laplante as District Judge and to Landya B. McCafferty as Magistrate Judge. *Concurring Order* (Docket # 13). On the same day, Chief Judge McAuliffe also entered a procedural order, establishing that the parties should continue to file documents with the District Court in Rhode Island, not in New Hampshire. *Order* (Docket # 14). On August 30, 2011, Judge Laplante referred two of the pending motions—the Plaintiffs' motion to file attached supporting appendices of exhibits in electronic form and the Plaintiffs' motion for leave to file a second amended complaint—to Magistrate Judge McCafferty. *Order of Reference* (Docket # 22). On September 21, 2011, Judge Laplante referred the motion for relief pursuant to Rule 4 to Magistrate Judge McCafferty. *Order of Reference* (Docket # 25).

### 1. The Magistrate Judge's Orders and the Report and Recommended Decision

On September 21, 2011, Magistrate Judge McCafferty denied without prejudice the Ryans' motion for leave to file a second amended complaint. *Endorsed Order* (Sept. 21, 2011). Magistrate Judge McCafferty issued an Order on October 17, 2011, denying the Ryans' motion to extend time pursuant to Rule 4 and directing the Plaintiffs to show cause as to why the Court should not dismiss the action as to those defendants who had not been timely served. *Order* (Docket # 36). On October 31, 2011, the Ryans responded to the Court's order to show cause. *Pls.' Resp. to Order of Oct. 14, 2011* (Docket # 37). The RCB and Bishop Tobin responded to the Ryans' show cause filing on November 4, 2011. *Defs. Roman Catholic Bishop*

*of Providence and Most Reverend Thomas J. Tobin's Resp. to Pls.' Show Cause Filing Pursuant to Order of Oct. 14, 2011* (Docket # 41).

Magistrate Judge McCafferty issued a Report and Recommended Decision on December 13, 2011, in which she recommended that the Ryans' Amended Complaint be dismissed without prejudice. *Report and Recommendation* (Docket # 42). On December 30, 2011, the Ryans objected to Magistrate Judge McCafferty's recommendation. *Pls.' Objection to Magistrate Landya B. McCafferty's Recommendation* (Docket # 43).

### 2. The Motions for Recusal and the Chief Judge's Order

On December 30, 2011, the Ryans also moved for Judge Laplante and Magistrate Judge McCafferty to recuse themselves from this case due to the judges' respective affiliations with the Catholic Church. *Pls.' Mot. to Recuse U.S. District Ct. Joseph Laplante* (Docket # 44); *Pls.' Mot. to Recuse U.S. District Magistrate Landya B. McCafferty* (Docket # 45); *Mem. in Supp. of Pls.' Mot. to Recuse Magistrate Judge Landya McCafferty* (Docket # 46). On February 17, 2012, Judge Laplante recused himself on the ground that his "somewhat extensive involvement in church affairs, including Catholic education at all levels, and several instances of service to the Diocese of Manchester" justified discretionary recusal. *Order* (Docket # 51). After Judge LaPlante's recusal, Judge McAuliffe was assigned to the case. *Am. Concurring Order re: Designation Case Reassignment* (Docket # 52).

Then, on February 27, 2012, Judge McAuliffe issued an order, notifying the parties that a long-term employee of the United States District Court for the

5

District of New Hampshire is related by marriage to one of the Defendants, Bishop Robert Mulvee, and stating that he would disqualify himself from the case unless the parties executed consent waivers of this potential conflict. *Order* (Docket # 53). When they did not, he issued an order of recusal and each of the remaining judges in the District of New Hampshire soon followed suit. *Order* (Docket # 56) (Judge McAuliffe); *Order* (Docket # 57) (Magistrate Judge McCafferty); *Order* (Docket # 58) (Judge DiClerico); *Order* (Docket # 59) (Judge Barbadoro).

### C. Referral to the District of Maine

On March 21, 2012, following the recusal of all New Hampshire federal judges, the matter was referred back to the District of Rhode Island "for the purpose of designating a different judicial district to sit by designation in this case." *Order* (Docket # 60). On March 22, 2012, Chief Judge Lisi referred the case to the District of Maine and the matter was randomly assigned to this Judge. *Order* (Docket # 61); *Concurring Order* (Docket # 62).

On April 10, 2012, the Ryans moved to strike Magistrate Judge McCafferty's Report and Recommendation, which she filed before recusing herself. *Pls.' Mot. to Strike Magistrate McCafferty's Report Recommendation and Judge Laplante's Orders* (Docket # 63). On April 27, 2012, the RCB and Bishop Tobin responded. *Defs.' Resp. to Pls.' Mot. to Strike Magistrate McCafferty's Report [Sic] Recommendation and Judge Laplante's Orders* (Docket # 64). The Ryans replied on May 7, 2012. *Pls.' Reply to Defs.' Resp. Dated Apr. 26, 2012* (Docket # 65).

6

II.   DISCUSSION

Under 28 U.S.C. § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Describing 28 U.S.C. § 455(a), the First Circuit Court of Appeals has written, "[t]he statutory standard . . . appl[ied] here, that there is no reasonable basis to question the impartiality of the judge, has high aspirations." *In re United States*, 441 F.3d 44, 68 (1st Cir. 2006). Consistent with these statutory aspirations, the judges of the District of New Hampshire each recused themselves from hearing this case. The question left is what effect the recusal orders should have on the orders previously issued by the now-recused judges.

In *Liljeberg v. Health Services Acquisition Corporation*, 486 U.S. 847 (1988), the United States Supreme Court addressed the proper remedy to be imposed upon a violation of 28 U.S.C. § 455(a) and affirmed the Court of Appeals' decision to vacate the judgment issued under the authority of the later-recused judge. *Id.* at 868-69. The *Liljeberg* Court resolved that "there is a greater risk of unfairness in upholding the judgment . . . than there is in allowing a new judge to take a fresh look at the issue." *Id.* at 868.

Although the recusal orders by the New Hampshire judges were discretionary and do not reflect violations of § 455(a), the Court concludes that the wiser course is to strike Magistrate Judge McCafferty's Report and Recommendation because, in the words of the Supreme Court, "justice must satisfy the appearance of justice."

7

*Liljeberg*, 486 U.S. at 864. If the Report and Recommendation of the now-recused Magistrate Judge were allowed to stand, the parties, particularly the Ryans, could rightfully wonder whether the resolution of the motion to dismiss was influenced by the recommendation of a judge who later recused herself from the case. The Court will not consider the Report and Recommendation of the Magistrate Judge.

Next, the Court addresses the other orders issued while this case was assigned to the District of New Hampshire. "Both the need for finality and a common-sense aversion to frittering scarce judicial resources militate against an inflexible rule invalidating all prior actions of a judge disqualified under § 455(a)." *El Fenix de Puerto Rico v. M/Y JOHANNY*, 36 F.3d 136, 141 (1st Cir. 1994). Here however, the predicates for Magistrate Judge McCafferty's Report and Recommendation were her September 21, 2011 denial of the Ryans' motion for leave to file a second amended complaint, her October 17, 2011 denial of the Ryans' motion for leave to extend time pursuant to Rule 4, and her October 17, 2011 order to show cause. It may be that the legitimacy of these earlier actions is not questioned. The Ryans have not asked the Court to vacate her earlier Orders in this case and there is no evidence that the New Hampshire federal judges, including Magistrate Judge McCafferty, were aware of the potential need for recusal when Magistrate Judge McCafferty issued the Orders. Nevertheless, in excess of caution, as Magistrate Judge McCafferty issued these Orders and soon after recused herself

and as these Orders touch upon the merits of her Recommended Decision, the Court strikes these three Orders as well.[2]

Although the Court carefully reviewed the docket, it could not find any Judge Laplante order in this case that has any continuing effect. He merely referred pending motions to Magistrate Judge McCafferty and the Court is striking the Orders she issued. Because Judge Laplante's orders have no continuing impact on the pending case, the Court dismisses as moot the Plaintiffs' request that the Court strike Judge Laplante's orders.

This Order leaves the parties in the same position as before the matter was referred to the District of New Hampshire. In view of this Order, the Court has the following motions before it:

1) Motion to Dismiss dated July 12, 2011 filed by the Roman Catholic Bishop of Providence and Bishop Tobin (Docket # 6);

2) Motion for Leave to File Second Amended Complaint dated August 11, 2011 filed by the Ryans (Docket # 12); and,

3) Motion for Service (for Relief Pursuant to Rule 4) dated August 17, 2011 filed by the Ryans (Docket # 17).

Considerable time has passed since the filing of these motions and the Court is uncertain whether there have been further developments in this case that it should be aware of. If there is such information, the Court orders the parties to file any supplemental memoranda as follows:

1) The Ryans must file any supplemental memorandum within two weeks of the date of this Order;

---

[2]     On September 21, 2011, Magistrate Judge McCafferty issued an Order granting the Ryans' motion to file supporting appendices of exhibits in electronic form, which is procedural in nature and non-controversial. *Endorsed Order* (Sept. 21, 2011). The Court will not disturb that Order.

2) The Roman Catholic Bishop of Providence and Bishop Tobin must file any supplemental memorandum within two weeks of the date of the filing of the Plaintiffs' supplemental memorandum.

The Court does not presuppose that the parties will find it necessary to file supplemental memoranda but gives them the chance to do so if they desire. The Court cautions the parties not to view these memoranda as an opportunity to rehash arguments already made, but rather as a means to inform the Court of any relevant developments since the earlier filings. If the Plaintiffs elect not to file a supplemental memorandum, the RCB and Bishop Tobin may still do so. There shall be no replies. Once the Court has received (or not received) the supplemental memoranda, all pending motions will be in order for decision.

## III. CONCLUSION

The Court GRANTS in part and DISMISSES in part the Plaintiffs' Motion to Strike Magistrate McCafferty's Report Recommendation and Judge Laplante's Orders (Docket # 63). The Court GRANTS the Plaintiffs' motion to strike the recommended decision of Magistrate Judge McCafferty dated December 13, 2011 and DISMISSES without prejudice as moot the Plaintiffs' motion to strike Judge Laplante's Orders. The Court *sua sponte* STRIKES the September 21, 2011 Endorsed Order denying the Plaintiffs' motion for leave to file second amended complaint, the October 17, 2011 Order denying the Plaintiffs' motion to extend time pursuant to Rule 4 (Docket # 36), and the October 17, 2011 Order to the Plaintiffs to show cause (Docket # 36). The Court ORDERS the parties to file any necessary supplementary memoranda pursuant to the schedule described in this Order.

10

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 22nd day of May, 2012

11