UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARY RYAN | ) | |
| and THOMAS RYAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:11-cv-00037-JAW |
| | ) | |
| ROBERT D. KRAUSE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT AND MOTION TO DISMISS**

The Court grants the Defendants' motion to dismiss the pending complaint

because seventeen months after the filing of their complaint, the Plaintiffs have

failed to effect service of process on the Defendants in violation of Federal Rule of

Civil Procedure 4(m).

I.    **STATEMENT OF FACTS**

A.    **Procedural Background**

On February 8, 2011, Mary and Thomas Ryan (the Ryans) filed a complaint

consisting of 108 pages against 78 Defendants, alleging that they engaged in

criminal conduct involving the sexual exploitation and abuse of children and

vulnerable adults, and seeking a declaratory judgment and injunction against the

Defendants. *Compl.* (ECF No. 1).  The Ryans filed a 291-page amended complaint

on February 23, 2011.  *Am. Compl.* (ECF No. 4).  On July 26, 2011, two of the

named Defendants, the Roman Catholic Bishop of Providence and the Most

Reverend Thomas J. Tobin (collectively the Bishop), moved to dismiss the Amended Complaint. *Defs. Roman Catholic Bishop of Providence and Most Reverend Thomas J. Tobin's Mot. to Dismiss* (ECF No. 6) (*Defs.' Mot. to Dismiss*). The same day, the Ryans responded, *Objection to Defs. Roman Catholic Bishop of Providence, a Corp. Sole, and Thomas Tobin* (ECF No. 7), and on August 11, 2011, they filed an amended response and a request to strike. *Pls.' Am. Objection and Req. to Strike Defs. Roman Catholic Bishop of Providence, a Corp. Sole, and Thomas Tobin's Mot. to Dismiss* (ECF No. 10) (*Pls.' Am. Opp'n and Req.*).

The Ryans also moved for leave to file a second amended complaint on August 11, 2011. *Pls.' Req. for Leave of Ct. to Amend their Compl.* (ECF No. 12). On August 17, 2011, the Bishop objected to the Ryans' motion. *Defs. Roman Catholic Bishop of Providence and Most Reverend Thomas J. Tobin's Objection to Pls.' Req. for Leave of Ct. to Amend their Compl.* (ECF No. 15) (*Defs.' Opp'n to Pls.' Mot. to Amend*). The Ryans replied to the Defendants' opposition on August 30, 2011. *Pls.' Resp. to Defs. Thomas Tobin and Roman Catholic Bishop of Providence, a Corp. Sole's Objection to Pls.' Mot. for Leave of Ct. to Amend Compl. and Req. for Extension Pursuant to Rule 6* (ECF No. 20) (*Pls.' Reply and Req.*).

On August 17, 2011, the Ryans filed a motion for relief pursuant to Rule 4 of the Federal Rules of Civil Procedure. *Pls.' Mot. for Relief Pursuant to Rule 4* (ECF No. 17) (*Pls.' Rule 4 Mot.*). On August 23, 2011, the Bishop responded to the Rule 4 motion. *Defs. Roman Catholic Bishop of Providence and Most Reverend Thomas J. Tobin's Objection to Pls.' Mot. for Relief Pursuant to Rule 4* (ECF No. 18) (*Defs.' Rule*

*4 Opp'n*).  The Ryans replied on September 6, 2011.  *Pls.' Resp. to Defs.' Objection to Pls.' Req. for Relief Pursuant to Rule 4* (ECF No. 24) (*Pls.' Rule 4 Reply*).[1]

The Ryans renewed their request for relief pursuant to Rule 4 on May 18, 2012.  *Pls.' Renewed Mot. for Relief Pursuant to Rule 4* (ECF No. 66).  On June 5, 2012, they filed a supplemental memorandum in support of their renewed motion.  *Pls.' Supplemental Mem. in Support of Relief Pursuant to Rules 4 and 15* (ECF No. 69) (*Pls.' Supplemental Mem.*).  On June 25, 2012, the Bishop filed a supplemental memorandum.  *Defs. Roman Catholic Bishop of Providence and Most Reverend Thomas J. Tobin's Supplemental Mem.* (ECF No. 70) (*Defs.' Supplemental Mem.*).

## B.    The Pending Motions

### 1.    The Bishop's Motion to Dismiss

#### a.    The Bishop's Position

The Bishop's first contention is that the Amended Complaint must be dismissed because the Ryans have failed to serve their Amended Complaint.  *Defs.' Mot. to Dismiss* Attach. 1 *Mem. in Support of Defs. Roman Catholic Bishop of Providence and Most Reverend Thomas J. Tobin's Mot. to Dismiss* at 6 (*Defs.' Mem.*).  The Bishop points out that Rule 4(m) requires plaintiffs to serve defendants within 120 days of the filing of the original complaint, and, as the Plaintiffs filed their original Complaint on February 8, 2011, they were required to complete service by June 8, 2011.  *Id.*  Instead of serving the Defendants, the Bishop says that the

---

[1]    After a series of judicial recusals, the Ryans moved to strike decisions from judges who later recused themselves, *see Mot. to Strike Magistrate McCafferty's Report Recommendation and Judge Laplante's Orders* (ECF No. 63), and on May 22, 2012, the Court granted the Ryans' motion.  *See Order on Mot. to Strike* (ECF No. 67) (detailing the events leading to the Court's Order).

Ryans "made an eleventh hour attempt to obtain a waiver of service under Rule 4(d)(1) from some, but not all, of the named defendants." *Id.* The Bishop argues that under Rhode Island law, "delivering a request for waiver of service of the summons to a defendant does not constitute service under Rule 4(m)." *Id.*

Next, the Bishop urges dismissal based on the failure of the Plaintiffs to file "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8. *Id.* at 7 (quoting FED. R. CIV. P. 8(a)(2)). Noting that the Amended Complaint is 291 pages long and has 73 counts and 358 paragraphs, the Bishop argues that the Amended Complaint "does extreme violence to Rule 8." *Id.* at 8. The Bishop also contends that the Amended Complaint contains "irrelevant, rambling, argumentative and incoherent statements" which are not "simple and direct" as required by the Rule. *Id.* at 9 (quoting FED. R. CIV. P. 8(d)).

Third, the Bishop maintains that the Ryans are attempting to re-litigate claims already resolved in Rhode Island state courts. *Id.* at 12. Asserting that the resolution of these claims is subject to judicial notice, the Bishop asserts that "[t]hese documents, as well as the Amended Complaint itself, conclusively demonstrate that prior state court decisions preclude re-litigation of the claims and issues in this matter." *Id.* Furthermore, the Bishop says that "there is no question but that the elements of res judicata are satisfied." *Id.* at 15. Alternatively, the Bishop contends that for this Court—as a federal trial court—to assert jurisdiction over a matter that has been conclusively resolved by the Rhode Island state court system would violate the *Rooker-Feldman* doctrine. *Id.* at 18.

Fourth, the Bishop argues that the Ryans' fraud and conspiracy allegations "do not survive muster." *Id.* Regarding the Ryans' allegations against the Rhode Island state courts, the Bishop says that "[t]o call these allegations 'implausible' is to give them too much credit." *Id.* at 19. Furthermore, the Bishop asserts that, despite the voluminous nature of the allegations, they still fail to meet the heightened pleading requirements for fraud. *Id.* at 19-22.

Fifth, pointing to Rhode Island's three-year statute of limitations for sexual abuse of a minor causes of action and the corresponding statute of limitations for actions under 42 U.S.C. § 1983, the Bishop argues that the Ryans' claims are time-barred. *Id.* at 22-23.

Finally, the Bishop observes that the Ryans are attempting to sue a number of alleged sex offenders who allegedly perpetrated offenses upon other victims. *Id.* at 23-24. The Bishop says that the Ryans have no standing to file claims on behalf of others. *Id.*

### b.    The Ryans' Response and Request to Strike

For the most part, the Ryans use simple declarative sentences to contradict the assertions in the Bishop's motion to dismiss. *See Pls.' Am. Opp'n and Req.* at 1-2 ("Plaintiffs filed a timely complaint against all of the defendants and have not failed to state a claim for which relief can be granted; Plaintiffs have standing to sue all of the defendants"). Regarding the service of process issue, the Ryans affirmatively state that they "properly and timely served defendants with a NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A

SUMMONS, two copies of a WAIVER OF THE SERVICE OF SUMMONS, a stamped envelope and a copy of an AMENDED COMPLAINT pursuant to Rule 4 of the Federal Rules of Procedure," that "Defendants have a duty to avoid costs of formal service of a summons," and that the Defendants' "decision to ignore Plaintiffs' good faith request to waive is not good cause." *Id.* at 1-2 (capitalization in original). Finally, the Ryans object to the Bishop's language, asking the Court to strike portions of the Bishop's memorandum that describe their claims with adjectives such as "incredulous" or "outlandish." *Id.* at 2.

### 2.   The Ryans' Motion to File Second Amended Complaint

#### a.   The Ryans' Position

The Ryans explain that they wish to amend their First Amended Complaint pursuant to Rule 15 because: (1) since filing the Complaint they have learned further information about Francis X. Flaherty; (2) some of the named Defendants have passed away; (3) errors in the First Amended Complaint require correction; (4) Ms. Ryan sustained injuries in 2011, which limited her ability to complete the "labor intensive task of amending the complaint"; and (5) the Plaintiffs "intended to file a second amended complaint prior to serving defendants but were unable to complete the task for the above-mentioned reasons." *Pls.' Mot. to Amend* at 1.

#### b.   The Bishop's Response

The Bishop first responds that the Ryans' motion to amend the complaint does not comply with Rule 15 because it failed to attach the proposed Second Amended Complaint. *Defs.' Opp'n to Pls.' Mot. to Amend* at 1. Second, the Bishop

asserts that, even if properly attached, the Second Amended Complaint would be subject to dismissal for the reasons set forth in the Bishop's motion for dismissal of the First Amended Complaint. *Id.* at 1-3.

### c.  The Ryans' Reply and Request for Extension

The Ryans posit a number of responses to the Bishop's points.  First, they say that because the Bishop has not yet answered their First Amended Complaint, he is not entitled to interfere with their filing a Second Amended Complaint. *Pls.' Reply and Req.* at 1-2.  Second, noting that the Bishop has moved to dismiss their Second Amended Complaint, they maintain that his assertion that he "has not been served with notice of a pendency of a claim at this point is simply disingenuous." *Id.* at 2. Third, the Ryans insist that their motion for leave to file a Second Amended Complaint complied with the requirements of Rule 15. *Id.*  Fourth, the Ryans accuse the Bishop of attempting to "bury" his motion to dismiss "within the framework of [his] objection." *Id.* at 3.  Fifth, the Ryans see a contradiction between the Bishop's acknowledgement that their claims could be true and the Bishop's demand that the claims be dismissed. *Id.* at 4.  Sixth, the Ryans plead "for justice," saying that leave to amend a pleading under Rule 15 should be freely given. *Id.* at 4-6.  The Ryans also ask for an extension under Rule 6 to file a further response because they had not yet obtained the Bishop's documents and they had lost electricity due to Hurricane Irene. *Id.* at 6.

### 3.    The Ryans' Motion for Relief Pursuant to Rule 4

#### a.    The Ryans' Position

In their motion for relief pursuant to Rule 4, the Ryans request that the Court order the United States Marshal to serve process on the Defendants, require the Defendants to be responsible for any costs associated with the service, and grant an extension of time to serve a summons on the Defendants.  *Pls.' Rule 4 Mot.* at 1-2.  In support of the motion, they cite Rule 4(m) and Rule 4(c)(3).  *Id.* at 1.  They also say that the Defendants "have a duty to avoid unnecessary expenses of serving a summons," that the Ryans' "efforts to serve defendants were greeted with resistance," that the Defendants "failed to waive summons without good cause," that the Ryans "have been unable to locate some of the defendants," and that the Ryans "need additional time to serve defendants with a summons." *Id.*

#### b.    The Bishop's Response

In response, the Bishop points out that "[t]o date, **none** of the Defendants have been served with a summons from Plaintiffs." *Defs.' Rule 4 Opp'n* at 1 (emphasis in original).  The Bishop says that the Ryans made "[n]o attempt to serve Defendants (beyond the delivery of requests for waiver) pursuant to Rule 4(d)" and that the Ryans' request for service waiver is not a substitute for service under Rule 4(m).  *Id.* at 1-2.  The Bishop contends that the Ryans have failed to demonstrate entitlement to relief from the service provisions of Rule 4.  *Id.* at 2-4.

#### c.    The Ryans' Reply

The Ryans dispute the Bishop's contention that they have failed to serve the

Defendants, stating that they "have, in fact, served defendants, including Tobin and [the Roman Catholic Bishop of Providence], with a *Notice of a Lawsuit* and Request to Waive Service of A Summons along with a copy of the Ryans' *Amended Complaint*, which serves the purpose of serving a summons." *Pls.' Rule 4 Reply* at 1 (emphasis in original). They say they were "compelled" to seek this relief because of the Defendants' resistance to their efforts to serve them. *Id.* at 2. The Ryans accuse the Bishop of attempting to "obstruct justice." *Id.* at 3. Lastly, they contend that because Bishop Tobin is an officer of many of the Defendant corporations, he has actual knowledge of the allegations in the lawsuit. *Id.* at 3-4.

### 4.     Supplemental Memoranda

On May 22, 2012, the Court granted the Ryans' motion to strike most of the orders issued by judges who later recused themselves. *Order on Mot. to Strike* (ECF No. 67). By the date of that Order, however, considerable time had passed since the parties had filed the pending motions and the Court therefore ordered the parties to file supplemental memoranda to update the Court as to any relevant developments. *Id.* at 9-10.

### a.     The Ryans' Supplemental Memorandum

In their supplemental memorandum, the Ryans say that on March 22, 2012, the United States District Court for the District of Rhode Island amended its Local Rule 5.1(b) under which the District had formerly listed federal process servers. *Pls.' Supplemental Mem.* at 1. The Local Rule, they say, now merely refers parties to Federal Rule of Civil Procedure 4(c) for service requirements. *Id.*

The Ryans also claim that "most recently, defendants William Robinson, Francis Flaherty and Maureen McKenna-Goldberg have further violated plaintiffs' Constitutional rights guaranteed by the First, Seventh, Tenth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 2, 3, 5, 15, 21 and 23 of the Rhode Island Constitution" and the Ryans wish to incorporate these new violations into the pending complaint. *Id.* at 2.

### b.   The Bishop's Supplemental Memorandum

The Bishop urges the Court to dismiss the Ryans' actions with prejudice. *Defs.' Supplemental Mem.* at 2-3.  Again the Bishop claims that the Ryans' motion for leave to amend is "procedurally deficient" because it "does not attach a proposed Second Amended Complaint or explain what amendments would be made." *Id.* at 3. Furthermore, the Bishop observes that the Ryans have failed to act to cure the procedural defects with their Complaint and have made no suggestion that they intend to do so.  *Id.*   Finally, the Bishop says that the Ryans have failed to demonstrate why they have been unable to complete service. *Id.* at 4-5.

## II.   DISCUSSION

### A.   The Bishop's Special Appearance

In his multiple pleadings, the Bishop repeatedly emphasizes that he entered a special appearance in order to file documents in this case. *See Defs.' Mem.* at 5. However, as Wright and Miller observe:

> [T]echnical distinctions between general and special appearances have been abolished and the rulemakers wisely concluded that no end is accomplished by retaining those terms in federal practice.

5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1344 (3d ed. 2004).  Federal Rule of Civil Procedure 12 abolished the distinction between general and special appearances when the Federal Rules were adopted in 1938.  *See* Fed. R. Civ. P. 12; *Wright v. Yackley*, 459 F.2d 287, 291 (9th Cir. 1972) ("Rule 12 of the Federal Rules of Civil Procedure has abolished the formal distinction between general and special appearances"); *Davenport v. Ralph N. Peters & Co.*, 386 F.2d 199, 204 (6th Cir. 1967) ("[t]here is no longer any necessity for appearing specially")); *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 874 (3d Cir. 1944) ("Rule 12 has abolished for the federal courts the age-old distinction between general and special appearances").

At the same time, "the joining of defenses in a motion creates no waiver." *W.H. Elliott & Sons Co. v. Nuodex Prods. Co.*, 243 F.2d 116, 118 (1st Cir. 1957); *see also Davenport*, 386 F.2d at 204 ("all objections to jurisdiction, venue and process . . . may be set up in a motion or answer to the merits without waiving any of them").  In his motion to dismiss, the Bishop joins several defenses, including an objection to the Ryans' service of process.

## B.   Service of Process

### 1.   Rule 4

The Ryans filed their original Complaint on February 8, 2011.[2]  Now,

---

[2]    In reviewing the question of service of process, though not raised by the parties, the Court considered whether to apply 28 U.S.C. § 1915 as interpreted by the First Circuit in *Laurence v. Wall*, 551 F.3d 92, n.1 (1st Cir. 2008).  Because the Ryans are not proceeding *in forma pauperis*, the § 1915(d) service mandate is not applicable to their case.  *See Order* (ECF No. 3); *Text Order Denying as Moot Pls.' Mot. for Leave to Proceed* In Forma Pauperis *in view of Pls.' payment of the $350 civil case filing fee* (Mar. 14, 2011).

seventeen months after this filing, they have not yet served the named Defendants with the Complaint as required by Rule 4.  The Ryans instead request relief from the Court on the ground that they had timely served several of the Defendants with both notice of the lawsuit and a request to waive service of summons.

Rule 4(d) allows a plaintiff to "notify . . . a defendant that an action has been commenced and request that the defendant waive service of a summons."  FED. R. CIV. P. 4(d)(1).  If a defendant agrees to waive service of process, the defendant merely signs the waiver and returns it to the plaintiff, and, "upon filing the waiver with the court, the action proceeds as if a summons and complaint had been served upon the defendant."  *Evora v. Boyd*, C.A. No. 07-322 S, 2008 U.S. Dist. LEXIS 58172, at *3 (D.R.I. June 17, 2008) (citing FED. R. CIV. P. 4(d)), *aff'd* 2008 U.S. Dist. LEXIS 51426 (D.R.I. July 7, 2008).

Rule 4(d) encourages defendants to waive service by providing that a defendant "has a duty to avoid unnecessary expenses of serving the summons."  FED. R. CIV. P. 4(d)(1).  If a defendant "fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses."  FED. R. CIV. P. 4(d)(2).

In the event a defendant does not waive service of process, Rule 4(e) provides the means for a plaintiff to effect service.  FED. R. CIV. P. 4(e).  Rule 4(m) establishes the time limit for service either by waiver or under Rule 4(e) and also sets forth the

penalties for failure to do so:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).  The docket in this case establishes that the Ryans have not yet actually served the Defendants.

## 2.     Service through Waiver

In response to the Bishop's motion for dismissal for lack of timely service of process, the Ryans propose that the waiver requests amount to actual service because the Defendants have a duty to waive service of process and refused to do so without good cause.  *Pls.' Am. Opp'n and Req.* at 1-2.   They are incorrect.  An unanswered request for waiver of service of process is not a substitute for actual service of process.   Instead, the Rules provide a disincentive for a defendant to decline to waive service of process: Rule 4(d) requires the non-waiving defendant to pay the cost of actual service of process and, if a lawsuit is required to collect this amount, the defendant is required to pay the reasonable expenses of the plaintiff in attempting to collect that amount.  FED. R. CIV. P. 4(d)(2)(A), (B).  The Rules also provide an incentive by rewarding the defendant who accepts the waiver with more time to answer the complaint.  FED. R. CIV. P. 4(d)(3) ("A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent").  But the Rules do not allow a plaintiff to treat an unreturned waiver request as a completed service of process.

13

*See Evora*, 2008 U.S. Dist. LEXIS 58172 at *4 (observing that once no defendant returned the waiver of service of summons, the plaintiff "was required to serve the defendants with a copy of the amended complaint and summons in a manner provided by Rule 4(e)").

### 3.     Equitable Arguments against the Defendants

Although not squarely raised, the Ryans seem to be making an equitable argument against the Defendants and, by extension, against dismissal.   The argument runs that the Defendants were not acting in good faith by refusing to waive service of process and therefore the Ryans are entitled either to an extension of time to serve the Defendants or an order requiring the United States Marshal to physically serve the Defendants.

However, "[t]he defendant is not required to consent to such a waiver" and "in a situation where the defendant fails to agree with, or respond to, the request for waiver, the plaintiff is still required to serve the defendant within the requisite time." *Briggs v. Wall*, CA 06-467T, 2007 U.S. Dist. LEXIS 75838 (D.R.I. Oct. 11, 2007); *see Weldon v. Elec. Data Sys. Corp.*, 138 Fed. Appx. 136, 138 (11th Cir. 2005) (refusing to apply doctrine of equitable tolling because defendant "bore no responsibility to ensure that [the plaintiff] served the complaint in a timely and proper fashion").

It is not the "Court's chore to serve the named defendants, nor do the defendants have an obligation to waive service of process.  It is solely the plaintiff's obligation to serve the defendants timely and properly." *Cooley v. Cornell Corr.*, 220

F.R.D. 171, 172 (D.R.I. 2004) (internal citation and quotation marks omitted).  The legal obligation to effect service of process within the time period in the Rules thus rests with the Ryans as Plaintiffs.  Here, seventeen months after the original Complaint was filed, they have still served none of the Defendants with process.

### 4.    Good Cause

The Ryans maintain that even if they have failed to comply with the 120-day requirement of Rule 4(e), they should still be allowed more time to complete service of process because they have shown "good cause" within the meaning of Rule 4(m) for such an extension.  Actually, the Ryans mistakenly apply the "good cause" provision of Rule 4(d)(2), which subjects a defendant who fails "without good cause" to return a signed waiver to the cost of later actual service of process, to the provisions of Rule 4(m), which requires that the plaintiff must demonstrate "good cause" for a failure to effect service within 120 days from the filing of the complaint. In fact, the two provisions are dissimilar and should not be confused.  Rule 4(d) encourages the defendant to waive service and contains a specific sanction for failure to do so; Rule 4(m) squarely places the burden on the plaintiff to demonstrate some "good cause" for the failure to make timely service of process within 120 days from the date the complaint was filed.  FED. R. CIV. P. 4(d), (m).

The Advisory Committee describes what is meant by Rule 4(m)'s phrase, "good cause":

> Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

Fed. R. Civ. P. 4 advisory committee's note on 1993 amendments.   Generally, a party meets Rule 4(m)'s "good cause" requirement as follows:

> [G]ood cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis.

4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1137 (3d ed. 2002).  "The burden of demonstrating the requisite good cause rest[s] upon [the] plaintiff." *United States v. Ayer*, 857 F.2d 881, 884-85 (1st Cir. 1988).  What constitutes good cause under Rule 4(m) is fact-specific and is left to the sound discretion of the trial court. *Id.* at 885.

Here, despite the fact that the question of actual service has been before the Court since July 12, 2011 when the Bishop filed the motion to dismiss, there is no evidence that the Ryans have made any attempt to actually serve any of the Defendants.  For example, there is no evidence attributing the Ryans' failure to complete service to the conduct of a third person such as a process server. *See Benjamin v. Grosnick*, 999 F.2d 590, 592 (1st Cir. 1993) (dismissal found abuse of discretion when blame for failing to serve defendants rested with deputy sheriff).  There is also no evidence that—apart from declining to waive service of process— the Defendants have attempted to evade service of process or have otherwise engaged in misleading conduct.  There is no evidence that the Ryans have diligently tried to effect service of process or have presented other mitigating circumstances.

Nor are the Ryans proceeding *in forma pauperis*.

What is left is the Ryans' status as *pro se* litigants. Generally, courts are lenient with *pro se* litigants, especially in their efforts to comply with more technical rules. However, the mere fact that a party is *pro se* "is not automatically enough to constitute good cause for purposes of Rule 4(m)." *Pizarro v. Wall*, C.A. No. 03-426S, 2004 U.S. Dist. LEXIS 8514, at *3 (D.R.I. Apr. 5, 2004). Though "a court may grant some leniency to a *pro se* plaintiff," the law still requires the self-represented plaintiff to "diligently pursue[] his claim." *D'Amario v. Russo*, 750 F. Supp. 560, 563 (D.R.I. 1990); *see Kelley v. Carcieri*, C.A. No. 07-341 ML, 2008 U.S. Dist. LEXIS 42501, at *4 (D.R.I. May 19, 2008) ("although courts afford some degree of leniency to a *pro se* plaintiff who fails to effect service of process within the 120-day time frame despite diligent efforts, there is no evidence of a diligent effort by plaintiff in this case and neither *pro se* status nor the ignorance of the rules excuse timely service").

In *D'Amario*, Judge Lagueux addressed a situation where a *pro se* plaintiff demonstrated good cause. After the defendants failed to acknowledge receipt of the plaintiff's mailed summons and complaint, the plaintiff hired a Michigan constable who attempted to serve the defendants on numerous occasions and, when unsuccessful, the plaintiff petitioned the Court for alternative service of process. *Id.* at 563. The Court found "good cause" because the defendants had tried to evade service and the plaintiff did not "sleep on his rights." *Id.* By contrast, the same District Court in another case concluded that good cause had not been satisfied

when the *pro se* plaintiff's ill health did "not establish the kind of excusable neglect contemplated under the Rule." *Brenner v. City of Woonsocket*, No. 92-157L, 1993 U.S. Dist. LEXIS 16764, at *6 (D.R.I. July 16, 1993).

Here, the Court concludes that the Ryans have failed to demonstrate good cause. First, the length of time since the filing of the Ryans' Complaint on February 8, 2011 totals about seventeen months. The law required service of process by June 2011; it is now July 2012 and the Ryans still have not served the Defendants. The time period meriting dismissal is commonly far less than eighteen months. *See De-La-Cruz-Arroyo v. Comm'r of Soc. Sec.*, No. 97-2378, 1998 U.S. App. LEXIS 10558, at *3 (1st Cir. May 27, 1998) ("We find the lack of *any* explanation, even now, for appellant's inactivity from June 18, 1997 until the case was dismissed on September 26, 1997 dispositive").

Second, the Ryans have ignored warnings that their case may be dismissed if they do not effect service. It was on July 12, 2011 that the Bishop moved to dismiss on the ground, in part, that service of process had not been accomplished. *Defs.' Mem.* at 6-7. Furthermore, on October 17, 2011, Magistrate Judge McCafferty ordered that the Ryans show cause as to why the Defendants had not been served and why the case should not be dismissed, *Show Cause Order* (ECF No. 36), and on December 13, 2011, Magistrate Judge McCafferty issued a Recommended Decision, recommending that the Court dismiss the Complaint because service had not been

effected.[3]  *Report and Recommendation* (ECF No. 42).  Yet, instead of attempting to effect service, the Ryans simply stood their ground and argued that they have actually served the Defendants by sending waiver forms, that the Defendants were at fault for not waiving service, and that the Court should extend the time for them to complete service of process.  Although the Ryans claim, without specificity, that they have been unable to locate some Defendants, they have not explained why they have been unable to serve any of them over the last seventeen months nor have they pointed to any effort to make service.  Furthermore, despite the fact that nearly eleven months have lapsed since their August 17, 2011 request for extension of time to serve the Defendants with process, the Ryans have not used this interval to even start the process of actual service on the Defendants.

Finally, as the First Circuit has said, "the evident purpose of Rule 4[m] was to compel parties and their counsel to be diligent in prosecuting causes of action." *United States v. Ayer*, 857 F.2d 881, 884 (1st Cir. 1988).  Here, now seventeen months following the filing of their Complaint, the Ryans have not yet allowed the Court to exercise jurisdiction over the Defendants by failing to serve them with a summons and amended complaint.  *See Farm Credit Bank v. Ferrera-Goitia*, 316 F.3d 62, 68 (1st Cir. 2003) ("[p]ersonal jurisdiction usually is obtained over a defendant by service of process").  Simply put, the law requires more diligence on the part of plaintiffs who wish to hale defendants before the Court.  *See D'Amario*, 750 F. Supp. at 563 ("When the plaintiff has failed to make any attempt at service

---

[3]    On May 22, 2012, the Court ordered the Show Cause Order stricken.  However, the Court takes notice of the Show Cause Order not for its substance but for its placing the Ryans on notice that they must actually serve the Defendants or provide good cause as to why they had not.

during the 120-day period, it is likely that a court will find that no showing of good cause for violation of the 120-day rule has been made"). "When presented with no good reason for the lack of service, this Court cannot find cause to stave off dismissal." *Pizzaro v. Wall*, 2004 U.S. Dist. LEXIS 8514, at * 4 (D.R.I. Apr. 5, 2004).

## III. CONCLUSION

The Court GRANTS the Defendants Roman Catholic Bishop of Providence and Most Reverend Thomas J. Tobin's Motion to Dismiss (ECF No. 6) and DISMISSES the Plaintiffs' Amended Complaint without prejudice.[4]  The Court DISMISSES as moot the Plaintiffs' Request for Leave of Court to Amend their Complaint (ECF No. 12), the Plaintiffs' Motion for Relief Pursuant to Rule 4 (ECF No. 17), and the Plaintiffs' Renewed Motion for Relief Pursuant to Rule 4 (ECF No. 66).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 17th day of July, 2012

---

[4]  Although the Bishop requested that the Court dismiss the case with prejudice, the Court declines to do so. First, Rule 4(m) contemplates that a dismissal for failure to comply with its time requirements shall be without prejudice. FED. R. CIV. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time"). Second, a "with prejudice" dismissal could effectively block the Ryans from returning to this Court with the same or similar complaints, which is too draconian a remedy for their failure to effect timely service.

At the same time, having reviewed the Amended Complaint in this matter, the Court reminds the Ryans that—if they decide to reinitiate their causes of action—Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Here, the Court is concerned that the Amended Complaint, consisting of nearly three hundred pages, does not comply with the letter and spirit of Rule 8 and if the Ryans elect to re-file and serve their causes of action, they would be well-advised to tailor their allegations.